**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DERRICK FOSTER,** | : | |
| | : | **Civil No. 3:14-CV-1368** |
| **Plaintiff** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **WILLIAM FINK, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**REPORT AND RECOMMENDATION**

I.     **Statement of Facts and of the Case**

In this case we are now presented with the latest iteration of Foster's proposed civil complaint, a civil complaint which Foster has been fashioning, with little success, over the past two years. We consider this complaint against the backdrop of other prior litigation filed by Foster in 2010, litigation which challenged his incarceration based upon idiosyncratic jurisdictional theories, theories he appear to now repeat in this lawsuit. This prior litigation concluded with the dismissal of the complaint filed by Foster, a complaint we found to be "a largely incomprehensible document." Foster v. Raleigh, 3:10-CV-1804, 2010 WL 5391317 (M.D. Pa. Oct. 20, 2010) report and recommendation adopted, 3:10-CV-1804, 2010 WL 5391316 (M.D. Pa. Dec. 22, 2010) aff'd, 445 F. App'x 458 (3d Cir. 2011). We now conclude that Foster's latest complaint is similarly flawed, and should suffer the same fate as his prior lawsuit.

In his original *pro se, in forma pauperis* complaint filed in this case in 2014 Foster named twelve defendants, including the Director of the Bureau of Prisons, along with wardens and staff at various prisons located in this district and elsewhere. (Doc. 1.)   As to those defendants who were located within this district, Foster's complaint consisted almost entirely of time-barred claims regarding events which are alleged to have occurred between 2008 and 2010, some four to six years ago. (Id., ¶¶17-19.) Indeed, the sole allegation in the complaint relating to any defendant within the jurisdiction of this Court which fell within the two year statute of limitations was found in paragraph 20 of Foster's original complaint.  This paragraph alleges that on or about July 10-11, 2012, a single correctional official, William Fink, attempted to deny Foster a prison transfer in a retaliatory fashion, and improperly discarded legal papers found in Foster's personal property.  (Id., ¶20.)   This averment was then curiously juxtaposed with an assertion that the undersigned should have recused himself from consideration of Foster's prior lawsuit because "his spouse once was employed at the FCI Allenwood complex as a Warden."  (Id.)[1]

We granted Foster's motion for leave to proceed *in forma pauperis*, but recommended that this complaint be dismissed with respect to the defendants located

---

[1]Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the fact that I am not, and never have been, married to any prison wardens.

within the Middle District of Pennsylvania, and that the allegations relating to defendants located in the Western District of Pennsylvania either be dismissed or transferred to that court for its consideration.

On November 21, 2014, the Court entered an order adopting this report and recommendation, in part.  (Doc. 14.)  That order provided that:  "Plaintiff's claims against defendants Charles Maiorana, Griffiths, O'Donnell, Tony Eckenrode, Charles Entzel and Bobby L. Meeks are **TRANSFERRED** to the United States District Court for the Western District of Pennsylvania, and severed from the claims against defendant Fink. . . . Plaintiff's claims against defendants Darlene Parker, Fegley, McKee and Monica A. Recktenwald are **DISMISSED** as barred by the Statute of Limitations... .  Plaintiff's claim against defendant Fink based on Fink's attempt to block plaintiff's transfer for retaliatory reasons is **DISMISSED**.  The remainder of plaintiff's claims against defendant Fink are permitted to proceed. . . .  Plaintiff's claims that are dismissed are **DISMISSED without prejudice** with leave to amend his complaint.  If plaintiff does not amend his complaint within thirty (30) days, these claims will be **DISMISSED with prejudice.**"  (Doc. 14.)

When Foster failed to follow this instruction and timely amend his complaint, we recommended dismissal of this action, a recommendation which the district court

adopted.  Foster then belatedly filed an amended complaint, (Doc. 25.), which was recently referred to us for review.

This latest amended complaint remains flawed on multiple scores.  First, it purports to bring claims on behalf of a class of inmates, something this *pro se* inmate plaintiff may not do.  Second, it names numerous supervisory defendants without alleging facts that would give rise to supervisory constitutional tort liability.  Third, the amended complaint simply relies upon a talismanic recital of the elements of a claim, without setting forth any well-pleaded facts.  Fourth, the complaint contains virtually no dates alleging when events occurred, but seems to allude to matters which took place well beyond the statute of limitations.  Therefore, as set forth below, our review of this pleading reveals that it, too, is flawed on multiple scores and should be dismissed.

## II.    Discussion

### A.    Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials.  See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails

to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal

Rules of Civil Procedure provides that a complaint should be dismissed for "failure

to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii)

specifically enjoins us to "dismiss the complaint at any time if the court determines

that . . . the action . . . fails to state a claim upon which relief may be granted.  This

statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil

Procedure, which provides that a complaint should be dismissed for "failure to state

a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the

United States Court of Appeals for the Third Circuit has aptly noted the evolving

standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in
> recent years.  Beginning with the Supreme Court's opinion in Bell
> Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our
> opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir.
> 2008)] and culminating recently with the Supreme Court's decision in
> Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have
> seemingly shifted from simple notice pleading to a more heightened form
> of pleading, requiring a p[arty] to plead more than the possibility of relief
> to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court

should "begin by identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." Id. at 679.  According to the

Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice." Id. at 678.  Rather, in conducting a

review of the adequacy of complaint, the Supreme Court has advised trial courts that

they must:

> [B]egin by identifying pleadings that because they are no more than
> conclusions are not entitled to the assumption of truth.  While legal
> conclusions can provide the framework of a complaint, they must be
> supported by factual allegations.  When there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain

more than mere legal labels and conclusions.  Rather, a complaint must recite factual

allegations sufficient to raise the party's claimed right to relief beyond the level of

mere speculation.  As the United States Court of Appeals for the Third Circuit has

stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state
> a claim, district courts should conduct a two-part analysis.  First, the
> factual and legal elements of a claim should be separated.  The district
> court must accept all of the . . .  well-pleaded facts as true, but may
> disregard any legal  conclusions.  Second, a district court must then

determine whether the facts alleged . . . are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the p[arty's] entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, then, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must

plead to state a claim.' Iqbal, 129 S.Ct. at 1947.  Second, the court should identify

allegations that, 'because they are no more than conclusions, are not entitled to the

assumption of truth.'  Id. at 1950.  Finally, 'where there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.'  Id." Santiago v. Warminster Tp., 629

F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the

requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what

a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and
> plain statement of the grounds for the court's jurisdiction, unless the
> court already has jurisdiction and the claim needs no new jurisdictional
> support; (2) a short and plain statement of the claim showing that the
> pleader is entitled to relief; and (3) a demand for the relief sought, which
> may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and

conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations

which are sufficient to raise the plaintiff's claimed right to relief beyond the level of

mere speculation, set forth in a "short and plain" statement of a cause of action.

Judged against these legal benchmarks, for the reasons set forth below, Foster's amended complaint is fatally flawed in the following respects and should be dismissed.

**B.      Foster Has Failed to Properly State a Claim of Supervisory Liability**

At the outset, with respect to the supervisory officials named in this amended complaint, the amended complaint still fails to state a claim upon which relief may be granted.  It is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendants were prison supervisors when the incidents set forth in the complaint occurred.  Quite the contrary, to state a constitutional tort claim the plaintiff must show that the supervisory defendants actively deprived him of a right secured by the Constitution.  Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980).  Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to prison supervisors it is well-established that:

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*.  Personal involvement can be shown through allegations of personal direction or

of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior. . . .* See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").  Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal,  556 U.S. 662, 676 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their subordinates.  O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W. D. Pa. 2004). Rather, "[p]ersonal involvement must be alleged *and is only present where the*

*supervisor directed the actions of supervisees or actually knew of the actions and acquiesced in them*.  See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F. App'x 178, 181 (3d Cir. 2006)(emphasis added).

Here, in many instances Foster does little more than name a supervisory official in the caption of the case, and then seek to hold that official personally liable based upon the official's supervisory status without making any specific factual allegations about these defendants in the body of this pleading.  To the extent that Foster simply premises the liability of these defendants upon their supervisory status without setting forth any further factual basis for a claim in the body of this pleading, this cursory style of pleading is plainly inadequate to state a claim against a prison supervisor and compels dismissal of these defendants.  Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case.)

### C.    The Amended Complaint Violates Rule 8

This amended complaint, whose factual recitals are unmoored to any dates or times and consist of little more than a recital of the elements of a legal claim, is also subject to dismissal because it fails in one respect to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  It is well-

settled that:  "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)."  Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d Cir.2007).  Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen, 236 F.App'x 785, 787 (3d Cir.2007), an order dismissing a complaint under Rule 8 is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir.2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir.2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir.2005).  Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir.2011), or when the complaint is so "rambling and unclear" as to defy response.  Tillio v. Spiess, 441 F.App'x 109 (3d Cir.2011).  Similarly, dismissal is appropriate in " 'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995) (quotations omitted)."  Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir.2011); Tillio v. Northland Grp. Inc., 456 F.

App'x 78, 79 (3d Cir.2012).

These principles are applicable here, and compel the dismissal of this amended complaint since the amended complaint fails to allege what conduct occurred, who engaged in that conduct, and when this conduct took place.  The failure to allege these basic facts could leave "defendants having to guess what of the many things discussed constituted [a cause of action]."  Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir.2011).  It also impedes any efforts to determine whether this pleading was timely filed within the statute of limitations.  Therefore, Rule 8 compels dismissal of the complaint, which fails to state when these events are alleged to have occurred. Collins v. Bates, No. 1:14-CV-1486, 2014 WL 4447553, at *5 (M.D. Pa. Sept. 10, 2014).

### C.      Foster's Claims Are for the Most Part Time-Barred

Furthermore, while Foster now neglects to say when many of these events occurred, a comparison of Foster's original and amended complaints reveals that many of Foster's claims against defendants continue to relate to events occurring between 2008 and 2010, four to six years ago, and are time-barred.  When conducting a screening review of a *pro se* complaint under 28 U.S.C. § 1915, a court may consider whether the complaint is barred under the applicable statute of limitations.  As the

United States Court of Appeals for the Third Circuit explained when it affirmed the

screening dismissal of a *pro se* complaint on statute of limitations grounds:

> Civil rights claims are subject to the statute of limitations for personal
> injury actions of the pertinent state.   Thus, Pennsylvania's two year
> statutory period applies to [these] claims.  See Lake v. Arnold, 232 F.3d
> 360, 368 (3d Cir.2000).  The limitations period begins when the plaintiff
> knows or had reason to know of the injury forming the basis for the
> federal civil rights action.  Gera v. Commonwealth of Pennsylvania, 256
> Fed.Appx. 563, 564-65 (3d Cir.2007).  Although we have not addressed
> the issue in a precedential decision, other courts have held that although
> the statute of limitations is an affirmative defense, district court may *sua
> sponte* dismiss a complaint under § 1915(e) where the defense is obvious
> from the complaint and no development of the factual record is required.
> See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also
> Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir.2006)
> (citation omitted)(finding that a district court's screening authority under
> § 1915(e) "differentiates *in forma pauperis* suits from ordinary civil suits
> and justifies an exception to the general rule that a statute of limitations
> defense should not be raised and considered *sua sponte*.").

Smith v. Delaware County Court 260 F. App'x. 454, 455 (3d Cir. 2008); see also

Jackson v. Fernandez, No. 08-5694, 2009 WL 233559 (D.N.J. Jan. 26, 2009); Hurst

v. City of Dover, No. 04-83, 2008 WL 2421468 (D. Del. June 16, 2008).

It is well-settled that Bivens constitutional tort claims are subject to the state

statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 266-

67 (1985).  In Pennsylvania, the statute of limitations for a personal injury action is

two years.  42 Pa.C.S.A. § 5524.  A cause of action accrues for statute of limitations

purposes when the plaintiff knows or has reason to know of the injury that constitutes

the basis of the cause of action.   Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998); see also, Nelson v. County of Allegheny, 60 F.3d 1010 (3d Cir. 1995).

While this two-year limitations period may be extended based upon a continuing wrong theory, a plaintiff must make an exacting showing to avail himself of this grounds for tolling the statute of limitations.   For example, it is well settled that the "continuing conduct of [a] defendant will not stop the ticking of the limitations clock [once] plaintiff obtained requisite information [to state a cause of action].   On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Barnes v. American Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) (quoting Kichline v. Consolidated Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)).   See also Lake v. Arnold,  232 F.3d 360, 266-68 (3d Cir. 2000).   Instead:

> The continuing violations doctrine is an "equitable exception to the timely filing requirement." West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir.1995).   Thus, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related  acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1295 (3d Cir.1991).   In order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." West, 45 F.3d at 755 (quotation omitted). Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of

discrimination, tending to connect them in a continuing violation;  (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate.  See id. at 755 n. 9 (citing Berry v. Board of Supervisors of Louisiana State Univ., 715 F.2d 971, 981 (5th Cir.1983)).  The consideration of "degree of permanence" is the most important of the factors.  See Berry, 715 F.2d at 981.

Cowell v. Palmer Township. 263 F.3d 286, 292 (3d Cir. 2001)

Here, with respect to Foster's allegations of misconduct by prison officials prior to 2012, the matters about which Foster complains plainly had the degree of permanence which should have alerted Foster to the need to promptly pursue these claims.  Yet, it is apparent from the face of Foster's complaint that he delayed many years beyond the two year statute of limitations before lodging these claims with this court.  Therefore, it is evident that these claims are now time-barred by the two-year statute of limitations that applies to civil rights claims and should be dismissed.

###### E.    Foster May Not Pursue Claims on Behalf of Other Prisoners

Finally, in his amended complaint Foster seems to bring claims on behalf of a class of other inmates.  This he may not do.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure the following four prerequisites must be met before a proposed class action may proceed:

1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class.

See Fed.R.Civ.P. 23(a).    These requirements are set forth in Rule 23 in the

conjunctive.  Therefore, a district court can only certify a class if all four requirements

of Rule 23(a) are met.  See In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305,

309 n.6 (3d Cir. 2008); In re Prudential Ins. Co. of America Sales Practice Litigation,

148 F.3d 283, 308-09 (3d Cir. 1998).  Since all four of these elements must be met

before a class action may be certified, the failure to satisfy any single element is fatal

to any effort to characterize this case as a class action.

In this case, turning first to Rule 23's requirement that "the representative parties

will fairly and adequately protect the interests of the class," we find that Foster cannot

serve as a fair and adequate class representative at this time.  In this regard, we note

that Foster clearly intends to personally direct this class action.  This desire as a

federal inmate to be the personal architect of this proposed inmate class action, in turn,

runs afoul of a settled tenet of case law in this field. It is well-settled that:  "a prisoner

proceeding *pro se* may not seek relief on behalf of his fellow inmates. See Oxendine

v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975) ("[I]t is plain error to permit [an]

imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a

class action."); see also Wallace v. Smith, 145 Fed. Appx. 300, 302 (11th Cir.2005)."

Alexander v. New Jersey State Parole Bd,. 160 F.App'x 249, 250 (3d Cir. 2005).

Thus, "*pro se* litigants are generally not appropriate as class representatives. See

Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975)."  Hagan v. Rogers, 570

F.3d 146, 159 (3d Cir. 2009).  Since Foster, a *pro se* inmate litigant plainly intends to

serve as this class representative, his proposed class action does not meet this

threshold requirement that the representative party will fairly and adequately protect

the interests of the class, and this purported class action lawsuit should not be

permitted to proceed forward.

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the

plaintiff's amended complaint be DISMISSED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in 28
U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition
of a prisoner case or a habeas corpus petition within fourteen (14) days
after being served with a copy thereof.  Such party shall file with the
clerk of court, and serve on the magistrate judge and all parties, written
objections which shall specifically identify the portions of the proposed
findings, recommendations or report to which objection is made and the
basis for such objections.  The briefing requirements set forth in Local
Rule 72.2 shall apply.  A judge shall make a de novo determination of
those portions of the report or specified proposed findings or
recommendations to which objection is made and may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 9th day of March 2016.

                                                 ***S/Martin C.  Carlson***
                                                 Martin C. Carlson
                                                 United States Magistrate Judge